**11 CIV 2457**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROBERT CORWIN,

            Plaintiff,

-- against --

XIANGZHI CHEN; ANHUI GUO;
and ANDREW WEIWEN CHEN,

            Defendants,

-- and --

SHENGDATECH, INC.,

            Nominal Defendant.
------------------------------------------------------------x

**Case No.**

**VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT**

*[RECEIVED APR 11 2011 U.S.D.C. S.D.N.Y. CASHIERS stamp]*

**JURY TRIAL DEMANDED**

    Plaintiff, by his attorneys, submits this shareholder derivative complaint against the defendants named herein. The allegations are asserted on information and belief, except as to those matters that relate to Plaintiff and his own acts, which are asserted on personal knowledge.

## NATURE OF THE ACTION

    1.    This is a shareholder derivative action brought for the benefit of nominal defendant ShengdaTech, Inc. ("ShengdaTech" or the "Company") against certain of its senior managers and directors to recover damages inflicted upon ShengdaTech by their actions in connection with making alleged materially false and/or misleading statements. On or about March 22, 2011, a shareholder securities class action lawsuit was filed against the Company and Xiangzhi Chen ("X. Chen"), Anhui Guo ("Guo"), and Andrew Weiwen Chen ("A. Chen"), alleging violations of the Securities Exchange Act of 1934 (the "Exchange Act") in the U.S. District Court for the Southern District of New York (the "Class Action"). The Class Action asserts claims on behalf of all those who

purchased or otherwise acquired the securities of ShengdaTech from May 10, 2010 through March 14, 2011, inclusive (the "Class Period").

2.  ShengdaTech is engaged primarily in developing, manufacturing and marketing nano precipitated calcium carbonate ("NPCC") products for application as an additive in various products. The Company supplies NPCC products to customers in the tire, polyvinyl chloride building materials; ink, paint, latex, adhesive, paper and polyethylene industries. The Class Action alleges that the defendants made materially false and/or misleading statements that misrepresented and failed to disclose the following adverse facts during the Class Period:

(i)  The Company had serious discrepancies and unexplained issues regarding the Company's and its subsidiaries' financial records;

(ii)  The Company lacked adequate internal and financial controls; and

(iii)  As a result of the foregoing, the Company issued financial results that were materially false and/or misleading at all relevant times.

3.  The Class Action alleges that the truth began to emerge on March 15, 2011, when ShengdaTech announced "that it appointed a special committee of the Board of Directors to investigate potentially serious discrepancies and unexplained issues relating to the Company and its subsidiaries' financial records identified by the Company's auditors in the course of their audit of the consolidated financial statements for the fiscal year ended December 31, 2010" and that consequently, "the Company will not be able to file its Annual Report on Form 10-K in a timely manner."

4.  Following this announcement, Nasdaq halted trading of ShengdaTech shares at $3.55 per share.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. 1331 (federal question jurisdiction) insofar as this action arises under both Section 10(b) of the Exchange Act, 15 U.S.C. 78j(b), pursuant to which there is a private right of action for contribution; and Section 21D of the Private Securities Litigation Reform Act, 15 U.S.C. 78u-4, which governs the application of any private right of action for contribution asserted pursuant to the Exchange Act. Prior to Congress having enacted an express provision for contribution under Section 21D of the Exchange Act, the United States Supreme Court recognized that a federal cause of action exists for contribution pursuant to Section 10(b) of the Exchange Act and Rule 10b-5. *See Musick, Peeler & Garrnett v. Employers Insurance of Wausau, 508 U.S. 286 (1993).* Thus, pursuant to federal statutory law and Supreme Court authority, this Court has original federal question jurisdiction over the Federal contribution claim alleged herein.

6. This is not a collusive action designed to confer jurisdiction on a United States court that it would otherwise not have.

7. Venue is proper in this District pursuant to 28 U.S.C. 1391(b). Many of the acts and transactions alleged herein, including the preparation and dissemination of materially false and misleading information, occurred in substantial part in this District.

8. The defendants used the means and instrumentalities of interstate commerce, including the facilities of the national securities markets and the Internet, to distribute the false and misleading statements complained of herein.

## PARTIES

9. Plaintiff Robert Corwin ("Plaintiff") is a ShengdaTech shareholder. Plaintiff has held his ShengdaTech shares at all relevant times.

3

10. Defendant X. Chen was, at all relevant times, the Company's President, Chief Executive Officer, and Chairman of its board of directors (the "Board").

11. Defendant Guo has been the Company's Acting Chief Financial Officer ("CFO") since October 2010, Chief Operating Officer since April 2009, and a director since February 23, 2007. Defendant Guo had served as CFO from March 2006 through April 2009, and has served as Vice President and Treasurer since March 31, 2006.

12. Defendant A. Chen was the Company's CFO from April 2009 through September 30, 2010, when he resigned.

13. Defendants X. Chen, Guo, and A. Chen are collectively referred to herein as the "Individual Defendants." The Individual Defendants, because of their positions with the Company, possessed the power and authority to control the contents of its quarterly reports and press releases to securities analysts, money and portfolio managers and institutional investors, i.e., the market. Each Individual Defendant received copies of the Company's allegedly materially false or misleading reports and press prior to or shortly after their issuance, and/or had free and unfettered access to them, and had the ability and opportunity to prevent their issuance or cause them to be corrected. As alleged in the Class Action, by virtue of their positions at ShengdaTech, the Individual Defendants had actual knowledge of the materially false and misleading statements and material omissions, or, in the alternative, they acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose facts that would reveal the materially false and misleading nature of these statements.

14. Nominal defendant ShengdaTech is a Nevada corporation with its principal executive offices located at Unit 2003 East Tower, Zhong Rong Heng Rui International Plaza, Shanghai, 200122, China.

## THE MATERIALLY FALSE AND/OR MISLEADING STATEMENTS IN VIOLATION OF THE EXCHANGE ACT ALLEGED IN THE CLASS ACTION COMPLAINT

15. The allegations contained in this section summarize the essential allegations of the Class Action Complaint. The Class Action alleges that as a result of defendants' materially false and/or misleading statements, the market price of ShengdaTech shares was artificially inflated during the Class Period.

16. The Class Period in the Class Action commences on May 10, 2010. At that time, the Company filed with the SEC a Form 10-Q for the first quarter ended March 31, 2010 ("1Q10"), reporting its financial results for this quarter. Individual Defendants X. Chen and A. Chen, among others, signed the document. In addition, pursuant to the Sarbanes-Oxley Act of 2002 ("SOX"), the Form 10-Q contained signed certifications by X. Chen and A. Chen, stating that the financial information contained therein was accurate, and that they disclosed any material changes to the Company's internal control over financial reporting.

17. On May 11, 2010, the Company issued a press release announcing its financial results for 1Q10, reporting net income of $6.6 million, $0.12 diluted earnings per share ("EPS") and revenue of $30.2 million, as compared to net income of $5.3 million, $0.09 diluted EPS and revenue of $20.7 million for the same period of the prior year.

18. On August 9, 2010, the Company filed with the SEC a Form 10-Q for the second quarter ended June 30, 2010 ("2Q10"), reporting its financial results for this quarter. Defendants X. Chen and A. Chen signed the document. Further, pursuant to SOX, the Form 10-Q contained signed certifications by Defendants X. Chen and A. Chen, stating that the financial information contained in the 10-Q was accurate and that they disclosed any material changes to the Company's internal control over financial reporting.

19.     On August 10, 2010, ShengdaTech issued a press release announcing its financial results for 2Q10. It reported net income of $7 million, $0.13 diluted EPS and revenue of $33.2 million, as compared to net income of $6.5 million, $0.12 diluted EPS and revenue of $26 million for the same period of the prior year.

20.     On November 8, 2010, ShengdaTech issued a press release announcing its financial results for the third quarter ended September 30, 2010 ("3Q10"). The press release reported net income of $7 million, $0.13 diluted EPS and revenue of $34.4 million, as compared to net income of $4.6 million, or $0.09 diluted EPS and revenue of $25.4 million for the same period of the prior year.

21.     On November 8, 2010, the Company filed with the SEC a Form 10-Q for 3Q10, reporting its financial results for that quarter. Defendants X. Chen and Guo signed this document. Further, pursuant to SOX, the Form 10-Q contained signed certifications by Defendants X. Chen and Guo, stating that the financial information contained in the 10-Q was accurate and that they disclosed any material changes to the Company's internal control over financial reporting.

22.     The Class Action Complaint alleges that the statements contained in ¶¶ 16-21 were materially false and/or misleading when made because they misrepresented and failed to disclose the following adverse facts, which the defendants knew or recklessly disregarded: (a) the Company had serious discrepancies and unexplained issues relating to the Company and its subsidiaries' financial records; (b) the Company lacked adequate internal and financial controls; and (c) as a result of the foregoing, the Company issued financial results that were materially false and/or misleading at all relevant times.

### The Truth Begins to Emerge

23.     The Class Action alleges that the truth began to emerge on March 15, 2011, when

the Company disclosed "that it had appointed a special committee of the Board of Directors to investigate potentially serious discrepancies and unexplained issues relating to the Company and its subsidiaries' financial records identified by the Company's auditors in the course of their audit of the consolidated financial statements for the fiscal year ended December 31, 2010." Consequently, "the Company will not be able to file its Annual Report on Form 10-K in a timely manner."

24. Following this announcement, Nasdaq halted trading of ShengdaTech shares at $3.55 per share.

## DERIVATIVE AND DEMAND EXCUSED ALLEGATIONS

25. Plaintiff brings this action derivatively in the right and for the benefit of ShengdaTech to redress injuries suffered, and to be suffered, by ShengdaTech as a direct result of the materially false and/or misleading statements the Individual Defendants made. ShengdaTech is named as a nominal defendant solely in a derivative capacity. This is not a collusive action to confer jurisdiction on this Court that it would not otherwise have.

26. Plaintiff will adequately and fairly represent the interests of ShengdaTech in enforcing and prosecuting its rights. Plaintiff is and was an owner of ShengdaTech stock during times relevant to the Individual Defendants' wrongful course of conduct alleged herein, and remains a shareholder of the Company.

27. The Board consists of the following individuals: Individual Defendant X. Chen; Individual Defendant Guo; Dongquan Zhang ("Zhang"); A. Carl Mudd ("Mudd"); and Sheldon Saidman ("Saidman"). ShengdaTech has been and will continue to be exposed to significant losses due to the wrongdoing complained of herein. Yet, the Board has not filed any lawsuit against the Individual Defendants or others who were responsible for the

wrongful conduct alleged herein, to attempt to recover for ShengdaTech any part of the damages ShengdaTech suffered and will suffer. Plaintiff has not made any demand on the Board to institute this action because such a demand would be a futile, wasteful and useless act, particularly for the following reasons:

i. The Board cannot fairly assess a demand to bring this derivative action against the Individual Defendants because it is sterilized. The misconduct of the Individual Defendants underlies the allegations against these defendants and the Company in the Class Action Complaint. Therefore, bringing a derivative action against the Individual Defendants would render defending the Company in the Class Action excruciatingly onerous, if not impossible. At the very least, bringing a derivative action would force the Board to take positions contrary to the defenses it will likely assert in the Class Action on behalf of the Company, severely undermining the Class Action defenses; and

ii. ShengdaTech's officers and directors are insured against personal liability by directors' and officers' liability insurance for the acts alleged in this Complaint. However, the insurance would not cover a suit authorized by the Board on behalf of the Company against the officers or directors, whereas the insurance would cover a suit by a shareholder derivatively on behalf of the Company. Accordingly, the Board, and particularly the Individual Defendants who are Board members, are conflicted and have no impetus to institute a suit that would vitiate the insurance they now possess. For these reasons, demand is futile.

## FIRST CAUSE OF ACTION

### (Against the Individual Defendants for Contribution Pursuant to Sections 10(b) and 21D of the Exchange Act, and Rule 10b-5 Promulgated Under Section 10(b))

28.     Plaintiff incorporates by reference and realleges each and every allegation set forth above as though fully set forth herein.

29.     The Individual Defendants had a duty not to defraud the investing public by the dissemination of materially false and/or misleading financial information or press releases.

30.     They also had a duty of full disclosure as a result of their making affirmative statements and reports, or participation in the making of affirmative statements and reports to the investing public.  Further, they had a duty to disseminate promptly truthful information that would be material to investors, in compliance with the integrated disclosure provisions of the Securities and Exchange Commission (the "SEC"), as embodied in, *inter alia*, SEC Regulation S-X (17 C.F.R. § 210.01 et seq.) and S-K (17 C.F.R. § 229.10 et seq.).  This duty includes disclosing accurate and truthful information regarding the Company's business, so that the market prices of the Company's publicly traded securities would be based on truthful, complete and accurate information.

31.     The Class Action alleges that the Individual Defendants caused the Company to issue materially false and/or misleading statements, as alleged above, and that as a result, the Company and these defendants violated Section 10(b) of the Exchange Act and Rule 10b-5.

32.     The Class Action alleges that the Individual Defendants knew and/or recklessly disregarded that the public documents and statements issued or disseminated by

or in the name of the Company were materially false and misleading; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violators of the federal securities laws. The Individual Defendants, by virtue of their positions in the Company as senior managers and/or directors, had knowledge of the details of ShangdaTech's internal affairs and had control over the content of the statements, and were active and culpable participants in the scheme alleged herein.

33.  The ongoing scheme the Class Action Complaint alleges could not have been perpetrated over a substantial period of time without the knowledge and complicity of the personnel at the highest level of the Company, including the Individual Defendants.

34.  The Class Action Complaint alleges that the Individual Defendants caused ShengdaTech to carry out a plan, scheme, conspiracy and course of conduct that was intended to and, throughout the Class Period, did: (i) deceived the investing public, as alleged herein; (ii) artificially inflated and maintained the market price of ShengdaTech securities; and (iii) caused members of the Class to purchase ShengdaTech stock at artificially inflated prices. As alleged in the Class Action, these defendants: (a) engaged in a scheme under which they knowingly or recklessly engaged in acts, transactions, practices and courses of business that operated as a fraud and deceit upon Plaintiff and other Class members; (b) made untrue statements of material fact and omitted to state material facts necessary to make the statements not misleading; and (c) employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities, in violation of Section 10(b) of the Exchange Act and Rule 10b-5

35.  As alleged in the Class Action, as a result of the dissemination of the

materially false and/or misleading information and failure to disclose material facts, as set forth above, the market price of ShengdaTech's securities during the Class Period was artificially inflated. Unaware of this artificial inflation and adverse facts concerning ShengdaTech's business and financial condition, and relying on the price of the securities, the integrity of the market for the securities, and/or the materially false and/or misleading statements the Individual Defendants made, Class members acquired ShengdaTech securities during the Class Period at artificially high prices and were damaged.

36. The Class Action alleges that the Company and the Individual Defendants participated in the wrongful conduct alleged herein, and is equally liable for violation of Section 10(b) of the Exchange Act and Rule 10b-5. Assuming that the Company is liable, the Individual Defendants caused the Company to violate Section 10(b) of the Exchange Act, and to incur liability for damages.

37. If the Company is deemed to have violated the federal securities laws, and incurs damages as a result, the Individual Defendants are liable to the Company for contribution pursuant to Sections 10(b) and 21(D) of the Exchange Act and Rule 10b-5 promulgated under Section 10(b).

## JURY DEMAND

38. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. Against the Individual Defendants for contribution pursuant to Sections 10(b) and 21(D) of the Exchange Act, and Rule 10b-5 promulgated under Section 10(b);

B. Equitable and/or injunctive relief as permitted by law;

C.  Attorneys fees and costs; and

D.  Any such other and further relief as may be just and proper.

Dated: New York, New York
April 11, 2011

ROY JACOBS & ASSOCIATES

By: _____
(Roy L. Jacobs (RLJ 0286)
60 East 42nd Street, 46th Floor
New York, NY 10165
212-867-1156
212-504-8243 (Fax)
rljacobs@pipeline.com

*Attorneys for Plaintiff*

**Of Counsel:**

Laurence D. Paskowitz
**THE PASKOWITZ LAW FIRM, P.C.**
60 East 42nd Street, 46th Floor
New York, NY 10165
212-685-0969
212-685-2306 (Fax)
classattorney@aol.com

## VERIFICATION

I am the plaintiff in this derivative action, and I do hereby verify under pain and penalty of perjury that I have reviewed the complaint's allegations and believe them to be true, to the best of my information, knowledge and belief.

*Robert Corwin*

Robert Corwin

Signed this 11th day of April, 2011