UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/30/15
```

-----------------------------------------------------x

ROBERT CORWIN,

                              Plaintiff,

Against

XIANGZHI CHEN, et al.

                             Defendants.

-----------------------------------------------------x

11 Civ. 2457 (LGS)

**NOTICE OF DISMISSAL PURSUANT TO RULE 41(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**WHEREAS,** this shareholder's derivative action was filed on April 11, 2011,

**WHEREAS,** on August 19, 2011, ShengdaTech Inc. the company on whose behalf this derivative action was brought, filed a petition for bankruptcy in the United States Bankruptcy Court for the District of Nevada,

**WHEREAS,** this action was stayed pending the bankruptcy proceeding,

**WHEREAS,** the authorities hold that upon the filing of a bankruptcy petition a derivative action becomes an asset of the bankrupt estate, *Cohain v. Klimley*, 2010 U.S. Dist. LEXIS 98870, *34-35, (S.D.N.Y. Sept. 20, 2010); *Ritchie Capital Mgmt., L.L.C. v. Gen. Elec. Capital Corp.*, 2015 U.S. Dist. LEXIS 101697, *23 (S.D.N.Y. Aug. 4, 2015); *Capital Midwest Fund LP v. Johnson*, 2013 Minn. Dist. LEXIS 14, *13-14 (Minn. Dist. Ct. 2013).

**WHEREAS,** since the derivative action became an asset of the bankrupt estate, Plaintiff in this action has no standing to prosecute the action. *See, In re Keene Corp.*, 164 B.R. 844, 853 (Bankr. S.D.N.Y. 1994) ("Claims against officers and directors for breach of fiduciary duty . . . are property of the estate within the meaning of Section 541 of the Bankruptcy Code. The trustee, therefore, is the only person with standing to bring those claims. . . .").

1

**WHEREAS**, the Shengdatech Liquidating Trust reach a settlement with the Company's directors and officers liabilities carriers resulting in a $7.9 million recovery from the insurers. (A copy of the Order approving the settlement in Bankruptcy is annexed hereto as Exhibit A. The Motion for Approval, which gives an in-depth background of the bankruptcy and the reasons supporting the $7.9 million settlement may be found on the Docket in Case 11-52649-gwz, entry 982, United States Bankruptcy Court, District of Nevada.) Accordingly, the claims raised in the instant matter have been litigated in the appropriate forum and this matter must be deemed *res judicata.*

**THEREFORE**, in light of the foregoing,

**PLEASE TAKE NOTICE** that pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, this action is hereby dismissed.

Dated: September 29, 2015

The status conference scheduled for October 1, 2015, is cancelled. The Clerk of the Court is directed to close case

Dated: September 30, 2015
       New York, New York

**SO ORDERED**

*/s/ Lorna G. Schofield*
HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**ROY JACOBS & ASSOCIATES**

By: _____
    Roy L. Jacobs (A member of
the Bar of this Court)

420 Lexington Avenue  Suite 2440
New York, NY 10170
212-867-1156
212-504-8343 (Fax)

rjacobs@jacobsclasslaw.com

Attorneys for Plaintiff

# EXHIBIT A

# EXHIBIT A




Honorable Gregg W. Zive
United States Bankruptcy Judge

Entered on Docket
July 17, 2015

---

NANCY A. PETERMAN, ESQ.
Illinois Bar No. 6208120
*(admitted pro hac vice)*
MIRIAM G. BAHCALL
Illinois Bar No. 6191823
*(admitted pro hac vice)*
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: 312-456-8400
Facsimile: 312-456-8435
Email: petermann@gtlaw.com
Email: bahcallm@gtlaw.com
*Counsel for ShengdaTech Liquidating Trust*

KARA B. HENDRICKS, ESQ.
Nevada Bar No. 7743
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway,
Suite 400 North
Las Vegas, Nevada 89169
Telephone: 702-792-3773
Facsimile: 702-792-9002
Email: hendricksk@gtlaw.com

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: SHENGDA TECH, INC., <br><br> Debtor. | Case No. BK-11-52649 GWZ <br><br> Chapter 11 <br><br> **ORDER APPROVING THE SHENGDATECH LIQUIDATING TRUST'S MOTION FOR ENTRY OF ORDER PURSUANT TO BANKRUPTCY RULE 9019 APPROVING SETTLEMENT RELATED TO DIRECTORS & OFFICERS INSURANCE POLICIES AND RELATED LITIGATION** |

Upon the motion (the "Motion")[1] of the ShengdaTech Liquidating Trust (the "Liquidating Trust") for entry of an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Rule 9019 of the Local Rules of Bankruptcy Procedure for United States Bankruptcy Court for the District of Nevada (the "Local Rules"), approving the Settlement Agreement and Release (the "Agreement") by and between the Liquidating Trust, A. Carl Mudd ("Mudd"), Sheldon B. Saidman ("Saidman" and together with Mudd, the "Independent Directors"), Federal Insurance Company ("Federal"), Ironshore Indemnity, Inc. ("Ironshore"), the Miller Investment Trust, Jura Limited ("Jura"), the Randi and Clifford Lane Foundation (the "Lane Foundation" and collectively with the Miller Investment Trust and Jura, the "Miller Trust Plaintiffs") and Oaktree Capital Management, L.P., on behalf of certain of its managed accounts; Oaktree (Lux.) Funds – Oaktree Convertible Bond Fund; Oaktree High Income Convertible Fund, L.P.; Oaktree High Income Convertible Fund II, L.P.; Oaktree Non-U.S. Convertible Fund, L.P.; Oaktree TT Multi-Strategy Fund, L.P.; OCM Global Convertible Securities Fund; OCM International Convertible Trust; OCM Non-U.S. Convertible Securities Fund; Lazard Asset Management LLC, on behalf of its managed accounts; HFR CA Lazard Rathmore Master Trust; AG OFCON LTD.; Zazove Associates LLC, on behalf of certain of its managed funds and accounts; CNH CA Master Account, L.P.; CNH Diversified Opportunities Master Account, L.P.; Advent Claymore Convertible Securities and Income Fund II; AQR Capital Management, LLC; AQR Convertible Opportunities Bond UCITS Fund; AQR Delta Master Account, L.P.; AQR Opportunistic Premium Offshore Fund L.P.; AQR Diversified Arbitrage Fund; and Delaware Public Employees' Retirement System (the "Oaktree Plaintiffs" and collectively with the foregoing entities and individuals the "Parties"), all as more fully described in the Motion;

**NOW THEREFORE, BASED ON THE FINDINGS OF FACT AND CONCLUSIONS OF LAW SUBMITTED CONCURRENTLY HEREWITH, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or if not defined in the Motion, the meanings ascribed to such terms in the Agreement.

1.  The Motion is granted.

2.  A fully executed copy of the Agreement is attached hereto as **Exhibit A** and is hereby approved subject to the terms of this Order. The terms of the Agreement are approved in all respects and the Parties to the Agreement are authorized and directed to enter into the Agreement in substantially the form attached to the Motion.

3.  The Parties to the Agreement are authorized and directed to carry out all of the terms of the Agreement and to take all such other or further actions as are necessary or desirable to implement the provisions of the Agreement.

4.  The releases set forth in paragraph 5 of the Agreement are hereby approved.

5.  To the extent that any distributions are made to the holders of Allowed Class 4 Claims in accordance with the Plan, the Liquidating Trust shall make those distributions to the Class 4 Claimholders on a pro rata basis, with the exception of the Miller Trust Plaintiffs and the Oaktree Plaintiffs who have agreed not to participate in any such distribution.

6.  Any and all of the Liquidating Trust's beneficiaries and any and all of ShengdaTech's creditors, shareholders, officers, directors, insurers, or other parties in interest who are not signatories to the Agreement are enjoined from directly or indirectly bringing, commencing, initiating, instituting, maintaining, prosecuting or otherwise aiding in any action or other proceeding of any kind or nature, whether for the benefit of the Liquidating Trust, the Chapter 11 Estate, the beneficiaries of the Liquidating Trust, or the shareholders or creditors of ShengdaTech or for the benefit of any third party, against any of ShengdaTech, the Liquidating Trust, the Liquidating Trust Released Parties, the ShengdaTech Released Parties, the Independent Directors, the Independent Director Released Parties, the Miller Trust Plaintiffs, the Miller Trust Released Parties, the Oaktree Plaintiffs, the Oaktree Released Parties, Federal, the Federal Released Parties, Ironshore or the Ironshore Released Parties for any act committed by such parties with respect to the Federal Policy, the Ironshore Policy, the settlement herein, this Agreement, or any other action or proceeding relating to the conduct of Federal or Ironshore.

7. Any interested party who is not a signatory to the Agreement is enjoined from directly or indirectly bringing, commencing, initiating, instituting, maintaining, prosecuting or otherwise aiding any Claim, action or other proceeding against the Liquidating Trust, the Liquidating Trust Released Parties, ShengdaTech, the ShengdaTech Released Parties, the Independent Directors, the Independent Director Released Parties, the Miller Trust Plaintiffs, the Miller Trust Released Parties, the Oaktree Plaintiffs, the Oaktree Released Parties, Federal, the Federal Released Parties, Ironshore or the Ironshore Released Parties in connection with the Federal Policy or the Ironshore Policy.

8. Any and all of the Liquidating Trust's beneficiaries and any and all of ShengdaTech's creditors, shareholders, officers, directors, insurers or other parties in interest who are not signatories to the Agreement are enjoined from bringing or making any claims in any jurisdiction for contribution or indemnification of any kind against the Independent Director Released Parties that arise out of or are in any way related to the Claims.

9. Notwithstanding anything to the contrary herein or in the Agreement, the Securities Plaintiffs shall maintain the right to pursue their pending action against the Independent Directors, and the Independent Director Released Parties expressly retain any and all rights to seek Defense Costs and other coverage from the Ironshore Policy as set forth in paragraph 5.g of the Agreement.

10. Further notwithstanding anything to the contrary herein, KPMG's and Morgan Stanley's rights will be subject to the terms of the Plan and Confirmation Order and any agreements that might exist between either or both of KPMG and Morgan Stanley, on the one hand, and the Liquidating Trust Released Parties or the ShengdaTech Released Parties, on the other hand.

11. The Settlement Amount will be disbursed as follows: (a) $1,000,000 to the Liquidating Trust for payment of Defense Costs incurred by the Liquidating Trust (or as directed by the Liquidating Trust to its counsel, Greenberg Traurig, LLP) and to the extent any monies remain after payment of Defense Costs, such monies shall be used to fund the ongoing

administration of the Liquidating Trust or distributed to the holders of the Allowed Class 4 Claim, net of costs of and fees associated with any such distribution; (b) $2,400,000 to the Miller Trust Plaintiffs and (c) the balance of $4,500,000 to the Oaktree Plaintiffs.

12. The Liquidating Trust is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13. This Court's entry of an order approving a settlement between the Liquidating Trust and Class 5 (the Securities Plaintiffs) with respect to the Class 5 Claim (the "Class 5 Settlement") does not impact the Court's ability to enter this Order and approve the Agreement, notwithstanding its effect on the Class 5 Settlement.

14. Notwithstanding this Order or the Agreement, the Independent Director Released Parties expressly retain any and all rights to seek Defense Costs and other coverage from the Ironshore Policy in connection with: (i) the Securities Class Action, including but not limited to any settlement or judgment in connection therewith; and (2) any claim, including but not limited to any third-party discovery request or any other action, that has been the subject of notice under the Ironshore Policy. With that sole exception, however, all of the obligations and Claims under or in connection with the Federal Policy or the Ironshore Policy have been resolved. There shall be no available insurance coverage for the Class 5 Claim and the Securities Plaintiffs shall have no right to seek recovery on account of such Class 5 Claim from the Federal Policy or the Ironshore Policy.

15. Upon entry of this Order, the Insurance Adversary Proceeding pending before this Court (Adversary Proceeding No. 14-AP-5054) shall be dismissed with prejudice, the Liquidating Trust's lawsuit against certain former officers and directors pending before this Court (Adversary Proceeding No. 13-AP-547) shall be dismissed with prejudice and the request of the Independent Directors that costs to be imposed against the Oaktree Plaintiffs in connection with the Motion to Enforce shall be deemed withdrawn with prejudice.

16. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

1

2  SIGNED AND DATED ABOVE.

3

4
   Respectfully prepared and submitted by:
5
   /s/ *Nancy A. Peterman*
6  NANCY A. PETERMAN, ESQ.
   Illinois Bar No. 6208120
7  *(admitted pro hac vice)*
   MIRIAM G. BAHCALL
8  Illinois Bar No. 6191823
   *(admitted pro hac vice)*
9  GREENBERG TRAURIG, LLP
10
   77 West Wacker Drive, Suite 3100
11 Chicago, Illinois  60601

12 and

13
   KARA B. HENDRICKS, ESQ.
14 Nevada Bar No. 7743
   GREENBERG TRAURIG, LLP
15 3773 Howard Hughes Parkway
   Suite 400 North
16 Las Vegas, Nevada  89169

17
   *Counsel for ShengdaTech Liquidating Trust*
18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows (check one):

☐ The court has waived the requirement of approval under LR 9021.

☐ This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

☒ This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

| NAME | DATE CONTACTED | AGREE | DISAGREE | NO RESPONSE |
|---|---|---|---|---|
| Stuart M. Grant<br>sgrant@gelaw.com<br>Christine M. Mackintosh<br>cmackintosh@gelaw.com<br>*Counsel for the Oaktree Plaintiffs / Class 4* | July 13, 2015 | X | | |
| Mary Jo Barry<br>mjbarry@damato-lynch.com<br>*Counsel for Ironshore Indemnity, Inc.* | July 13, 2015 | X | | |
| Merril Jay Hirsch<br>merril.hirsh@troutmansanders.com<br>*Counsel for Federal Insurance Company* | July 13, 2015 | X | | |